UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| GUMWOOD HP SHOPPING PARTNERS, L.P. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11-CV-268 JD |
| | ) | |
| SIMON PROPERTY GROUP, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On March 13, 2013, the Court issued Memorandum Opinion and Order denying the defendant's motion to dismiss, holding that the plaintiff's complaint plausibly (if barely) alleged claims under Sections 1 and 2 of the Sherman Act based on the theory that the defendant has forced merchants to lease from it in the South Bend/Mishawaka area by means of unlawful tying arrangements with other markets. *See* DE 55. This was a different ground than that recommended by the Magistrate Judge's Report and Recommendation, and the issue of tying was not the primary focus of the parties' briefing. The defendant has asked the Court to reconsider it's decision because "this Court did not have the benefit of fully-developed briefing on the law of tying, particularly the extensive body of cases on the requirements for pleading and proving the key element of tying market power." DE 57 at 2. The defendant argues that had the Court properly understood the market power requirement, it would have dismissed the complaint.

After considering the parties' briefing, the Court finds that reconsideration is not justified in this case. The Seventh Circuit describes a motion for reconsideration as "a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft,* 388 F.3d 247, 249 (7th

Cir.2004) (internal quotation omitted). It is "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States,* 43 F.3d 1140, 1142 n. 2 (7th Cir.1994). The Court of Appeals does not question the availability of a motion to reconsider but has cautioned that the procedure should not "enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless."*Frietsch v. Refco, Inc.,* 56 F.3d 825 (7th Cir.1995).

The Court does not find that the above prerequisites are met. There is no change of law that would cause the Court to reconsider. Moreover, both parties do address the issue at various points, albeit somewhat sparsely. Thus, although the Court certainly could have benefitted from more comprehensive briefing on the issue of tying, the defendant had every opportunity to present its case in the two rounds of briefing on its motion to dismiss. Whether the complaint plausibly alleges market power in any tying market (individually or in the aggregate) was a close question. In light of the factually intensive nature of the question of market power—and especially given the uniqueness of the market and the defendant's relatively unprecedented share of the market nationally, the question is ultimately one that the Court believes can be better addressed based on evidence rather than allegations.

At a certain point, however, the Court must commit itself to a position and the case must move forward, even if the parties do not agree with the ruling. Though the case has been pending for quite some time already, it is still at an early stage of the litigation—there will be ample opportunities for the defendant to press its case at the summary judgment, trial, and appeal stages, should the matter survive that far. Indeed, if the defendant is correct that the complaint does not adequately allege a claim for tying, the proof will necessarily fail.

The defendant does raise strong arguments in its motion, and the Court appreciates its desire

to avoid the potentially substantial direct and collateral costs of this litigation. As the defendant correctly notes, however, the existence of "market power" in the tying market is a necessary element of any tying claim. It should therefore be possible to structure discovery and dispositive motions in a manner that tests this element sooner, rather than later.

For these reasons, the defendant's Motion for Reconsideration [DE 56] is **DENIED**. Further, the Clerk is **DIRECTED** to lift all restrictions on the Court's March 13, 2013, Memorandum Opinion and Order [DE 55]. The defendant's Motion to have Court's Memorandum Opinion and Order Remain Sealed [DE 58] is **DISMISSED** as moot.

SO ORDERED.

ENTERED:  June 17, 2013

     /s/ JON E. DEGUILIO
Judge
United States District Court